# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:26-cv-00057-MR
### [CRIMINAL CASE NO. 1:09-cr-00017-MR-WCM-1]

| | | |
|---|---|---|
| ALBERT C. BURGESS, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| et al., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Plaintiff's "MOTIONS UNDER FRCP-60(6)[1] and/or Rules of the FRCrP," [CV Doc. 16],[2] which the Court construes as a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

Pro se Petitioner Albert C. Burgess, Jr., ("Petitioner") is a federal

---

[1] Based on a handwritten modification to the caption of Petitioner's typewritten motion, it appears Petitioner purport to seek relief under Rule 60(b)(2) through (b)(6). [See CV Doc. 8 at 1].

[2] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 1:26-cv-00057-MR, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 1:09-cr-00017-MR-WCM-1. Petitioner's criminal case was reassigned to the undersigned on February 24, 2026, on the retirement of Senior Judge Graham Mullen. [2/24/2026 Docket Entry].

prisoner currently housed at the Rochester Federal Medical Center in Rochester, Minnesota.  On February 23, 2026, Petitioner filed a petition for habeas relief under 28 U.S.C. § 1651 and 2241, which was in substance a successive attack on his conviction and sentence under 28 U.S.C. § 2255. [CV Doc. 1].  Petitioner argued that Judge Mullen improperly based Petitioner's sentence off an inflated guidelines range.  [Id. at 2].  On March 17, 2026, the Court denied and dismissed Petitioner's petition because Petitioner failed to obtain certification from the Fourth Circuit Court of Appeals prior to the filing of the petition.  [Doc. 5 at 5-6].

Now pending is Petitioner's motion under Rule 59(e).[3]  [Doc. 8].  As grounds, Petitioner states that this Court "completely dismissed" Plaintiff's allegations "in anger … [w]ithout any input from the United States Attorney." [Id. at 1].  Petitioner again complains that Judge Mullen, ignoring the proper guidelines range, sentenced Petitioner to an inflated sentence.  [Id. at 1-2]. Petitioner also complains that a $5.00 filing fee for petitions brought pursuant to 28 U.S.C. § 2241 was collected but then his petition was "changed [ ] to a § 2255 where there is no filing fee."  [Id. at 2].

---

[3] Because Plaintiff's motion was brought within 28 days of the Court's Order dismissing this action, the Court will consider it under Rule 59(e), not Rule 60.  See MLC Auto., LLC v. Town of S. Pines, 532 269, 278-80 (4th Cir. 2008); Bank v. M/V "Mothership", 427 F.Supp.3d 655, 659 (D. Md. May 20, 2019).

Regarding motions to alter or amend a judgment under Rule 59(e), the Fourth Circuit Court of Appeals has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Petitioner has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Petitioner's motion does not present evidence that was unavailable when he filed his petition, nor does his motion stem from an intervening change in the applicable law. Furthermore, Petitioner has not shown that a clear error of law has been

3

made, or that failure to grant the motion would result in manifest injustice to him.  See Hill, 277 F.3d at 708.  Rather, Petitioner merely rehashes the same argument that was previously rejected.  The Court will, therefore, deny Petitioner's motion.  The Court will, however, order the Clerk's Financial Department to refund Petitioner's filing fee.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's MOTIONS UNDER FRCP-60(6) and/or Rules of the FRCrP [Doc. 8] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk's Financial Department shall **REFUND** Petitioner's filing fee in this matter.

**IT IS SO ORDERED**.

Signed: April 20, 2026

Martin Reidinger
Chief United States District Judge